IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO ELLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 3:21-cv-01502-SMY |
| WHITE COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

**YANDLE, District Judge:**

This matter is before the Court on Counsel's Motion to Withdraw and the Court's Notice of Impending Dismissal. A hearing was held on April 20, 2022. (Doc. 14).[1] The Motion to Withdraw is **DENIED**; and Ellis shall have 30 days to effectuate service on the defendants.

Plaintiff Antonio Ellis filed the instant lawsuit on November 29, 2021 pursuant to 42 U.S.C. § 1983, alleging deprivations of his constitutional rights while he was a pretrial detainee at the White County Jail in Carmi, Illinois (Doc. 1). Ellis was directed to effect service on the defendants (Doc. 7).

After 90 days passed without proof of service, the Court issued a Notice of Impending Dismissal on March 10, 2022 for failure to comply with Federal Rule of Civil Procedure 4(m) (Doc. 10). Ellis was ordered to file proof of service on the defendants on or before March 24, 2022 and was advised that his failure to do so would result in the dismissal of this case. The same day, Ellis's counsel filed a motion to withdraw, stating only that "good

---

[1] In exercise of its discretion to do so, the Court reconsiders the rulings announced on the record during the hearing on April 20, 2022 and rules as set forth below.

cause exists" for the Court to allow Counsel to withdraw (Doc. 11).  The Court set the motion for a hearing and required Counsel to file proof of notice to Ellis of the motion and the hearing (Doc. 12).  Counsel filed a Proof of Notice stating Ellis had been notified by email and certified letter. (Doc. 13).  Ellis did not file a response to the motion or appear for the hearing.  As of the time of the hearing, no action had been taken to effect service on the defendants.

An attorney seeking to withdraw "must establish that his client consents or that a valid and compelling reason exists for the court to grant the motion over an objection." *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 816 (7th Cir. 2017).  Here, Ellis has not consented to the withdrawal and Counsel's motion is devoid of any factual basis or explanation as to the alleged "good cause." The motion is therefore **DENIED** without prejudice.  Should valid reasons exist for Counsel to withdraw, she may refile her motion setting forth those reasons and the bases for good cause.[2]

Ellis will be given one last opportunity to serve the defendants in this case.  Accordingly, pursuant to Federal Rule of Civil Procedure 4(m), Ellis is **ORDERED** to file proof of service on the named defendants within 30 days of the entry of this Order.  His failure to do so will result in the dismissal of this case without further notice.

IT IS SO ORDERED.

DATED:  April 25, 2022

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

---

[2] Counsel should keep in mind that establishing good cause for allowing her to withdraw without first preserving Ellis's claims by effectuating service is a tall order.